[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff James Hanton, an inmate at Community Correctional Institution at Cheshire has filed thirteen civil cases in the last year in the Judicial District of New Haven[1]. He now desires to file a fourteenth.
The new action is one alleging medical malpractice against the University of Connecticut Health Center because he claims it failed to perform an MRI procedure on his right knee in a timely maimer, with the result that he reinjured his knee. He has moved for a waiver of fees to file the action, a waiver that the court must grant in any action that is not patently frivolous and in which the court finds the plaintiff to be indigent. Conn. Gen. Stat. § 52-259b.
He has attached a "certificate of good faith" to the proposed complaint. It reads as follows:
The plaintiff, James Hanton certify in good faith that UConn Health Center is contracted by the State of Connecticut to provide medical treatment for its incarcerated inmates. UConn Health Center was negligent in providing medical treatment for the plaintiff in a timely manner. On April 27, 1999, the Utilization Review Committee approved an MRI for the plaintiff's right knee and UConn Health Center failed to conduct the MRI in a timely manner, causing the plaintiff to reinjure his right knee. — I declare under penalty of perjury that the foregoing is true and correct. — June 18, 1999 — James Hanton [signature].
Conn. Gen. Stat. § 52-190a provides that no civil action shall be filed to recover damages from a health care provider for personal injury unless the party filing the action "has made reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care and treatment of the plaintiff." The statute provides that good faith may be shown by the party if the party has received a written opinion of a similar health care CT Page 9248 provider that there appears to be medical negligence.
The plaintiff's good faith certificate is devoid of any evidence that such an inquiry was undertaken or that any such opinion, written or otherwise, was received.
The statute presupposes that the normal adversary procedure will act to balance any wrongful submission of a "good faith certificate." It provides for sanctions that may be in the form of"an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." The statute also provides for referral to the appropriate authority for disciplinary review of an attorney who files a certificate without the requisite good faith. Conn. Gen. Stat. § 52-1 90a. With an indigent pro se plaintiff, the sanctions suggested by the statute would be ineffectual. Here the plaintiff has neither funds to pay any court-ordered sanction nor any counsel against whom sanctions could issue.
Therefore, in order to give the statute the meaning that the legislature intended, in this case where the plaintiff has filed multiple lawsuits against a variety of individuals and agencies, the court believes it must undertake to determine whether the good faith certificate complies with the statute, even before service of process on the defendant takes place.
The court does not expressly find that the certificate is filed in bad faith. Rather, on its face, the lack of any statement regarding an inquiry to a similar health care provider coupled with only conclusory allegations regarding negligence renders the certificate out of compliance with the statute.
Conn. Gen. Stat. § 51-190a (b) allows for the tolling of the statute of limitations in some instances where additional time to conduct an inquiry may be needed. The conduct of which the plaintiff complains took place from March through May, 1999, so that the statute of limitations is not implicated by this court's decision.
The court grants the plaintiff's request for a waiver of the entry fee, but declines to authorize a waiver of the fee for service of process on the defendant, since service is unnecessary in light of this court's finding. The court finds that the plaintiff has filed an inadequate certificate under Conn. Gen. CT Page 9249 Stat. § 52-190a and enters an order dismissing the action. The court directs the clerk, in addition to providing notice to the plaintiff, to provide notice of this decision to the proposed defendant UConn Health Center by regular mail.
Patty Jenkins Pittman, J.